IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CAROL-LEE ZUVICH**, as an individual and on behalf of those similarly situated,

    Plaintiff,

v.

**HARVART STREET WISHROCK, LLC**, dba **HARVARD STREET APARTMENTS, WISHROCK & RAY, LLC**, **WISHROCK GROUP** in Maine dba **WISHROCK & RAY, LLC** in Oregon, **GUARDIAN MANGAGEMENT, LLC** also dba **GUARDIAN REAL ESTATE SERVICES, LLC**, and **DOES 1–25**,

    Defendants.

Case No. 6:20-cv-00737-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

    Plaintiff Carol-Lee Zuvich brings a claim against Defendants Harvard Street Wishrock ("HSW"), Wishrock & Ray, Wishrock Group in Maine, and Guardian Management for discrimination pursuant to the Fair Housing Act, various state laws, and 42 U.S.C. § 1983. Pl.'s Compl. ¶ 1, ECF No. 1. HSW moves to dismiss Plaintiff's § 1983 claim for failure to state a claim upon which relief can be granted. Def.'s Mot. 2, ECF No. 13. The remaining Defendants

1 – OPINION AND ORDER

move to join in HSW's Motion. ECF Nos. 16, 18, 21. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 13) and Motions for Joinder (ECF Nos. 16, 18, 21) are GRANTED.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiff rented an apartment at Harvard Street Apartments in Bandon, Oregon. Pl.'s Compl. ¶¶ 12, 5.[1] HSW owns Harvard Street Apartments. *Id.* at ¶ 5. Plaintiff alleges that

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

2 – OPINION AND ORDER

Defendants violated various housing laws and her Constitutional rights by failing to accommodate her disability and discriminating against her on the basis of her disability. *Id.* at ¶¶ 1, 3. Plaintiff alleges, in part, that Defendants violated her First, Fifth, and Fourteenth Amendment rights pursuant to § 1983. *Id.* at ¶¶ 80–81. Plaintiff filed a Complaint on May 4, 2020. ECF No. 1. Defendants filed the instant Motion to Dismiss and Motions for Joinder on June 29 and July 2. ECF Nos. 13, 16, 18, 21.

HSW moves to dismiss Plaintiff's sixth claim with prejudice, arguing that Plaintiff cannot sustain a § 1983 claim. Def.'s Mot. 2. The remaining Defendants move to join in HSW's Motion to Dismiss Plaintiff's sixth claim. ECF Nos. 16, 18, 21. The Court grants Defendants' Motions for Joinder pursuant to Fed. R. Civ. P. 12(g)(1). Plaintiff agrees to dismiss her § 1983 claim. Pl.'s Resp. 2–3, ECF No. 24. Plaintiff filed a First Amended Complaint on June 20, 2020 omitting her sixth claim. ECF No. 27.

Plaintiff's § 1983 claim against all Defendants is dismissed with prejudice. Plaintiff's First Amended Complaint is now the operative Complaint in this action.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 13) and Motions for Joinder (ECF Nos. 16, 18, 21) are GRANTED. Plaintiff's sixth claim is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 28th day of July, 2020.

                _s/Michael J. McShane_____
                **Michael J. McShane**
                **United States District Judge**