IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CAROL-LEE ZUVICH**, as an individual and on behalf of those similarly situated,

        Plaintiff,

  v.

**HARVARD STREET WISHROCK, LLC** dba Harvard Street Apartments; **WISHROCK & RAY, LLC**, effectively conducts business as part of several companies that comprise "Wishrock Group" and/or "Wishrock"; **GUARDIAN MANAGEMENT, LLC**; **GUARDIAN REAL ESTATE SERVICES, LLC**; **WISHROCK INVESTMENT GROUP, LLC**, effectively conducts business as part of several organizations that comprise "Wishrock Group" and/or "Wishrock"; **WISHCAMPER DEVELOPMENT PARTNERS, LLC**, effectively conducts business as one of several organizations that comprise "Wishcamper Partners" and/or "Wishcamper"; **WISHROCK DEVELOPMENT GROUP, LLC**, effectively conducts business as part several organizations that comprise "Wishrock Group" and/or "Wishrock"; **WISHROCK HOUSING DEVELOPERS, LLC**, effectively conducts business as part of an organization that comprises "Wishrock Group" and/or "Wishrock"; **WISHROCK HOUSING PARTNERS, LLC**, effectively conducts business as one of several organizations that comprise "Wishrock Group" and/or "Wishrock"; **TEAL POINTE WISHROCK GP, LLC**,

Case No. 6:20-cv-00737-MC

**OPINION AND ORDER**

1 – OPINION AND ORDER

effectively conducts business as part of several organizations that comprise "Wishrock Group" and/or "Wishrock"; **JEWEL HOUSING SERVICES, LLC**, previously known as Wishrock Housing Services, LLC and/or Rehabilitation and Logistics, LLC, effectively conducts business as part of several companies that comprise "Wishrock Group" and/or "Wishrock"; **WISHROCK INVESTMENT GROUP II, LLC**, effectively conducts business as one of several companies that comprise "Wishrock Group" and/or "Wishrock"; **WISHROCK OPERATIONS, INC.**, effectively conducts business as one of several organizations that comprise "Wishrock Group" and/or "Wishrock"; and Does 1-50,

                      Defendants.

---

**MCSHANE, Judge:**

       Plaintiff Carol-Lee Zuvich originally brought this claim for housing discrimination against Defendants Harvard Street Wishrock, Wishrock & Ray, Guardian Management, and Guardian Real Estate Services. Pl.'s Compl., ECF No. 1. Plaintiff has since added nine other defendants ("Additional Defendants") whose only connections to her claim are shared names and mailing addresses with the original defendants. Pl.'s First Amended Complaint, ECF No. 27 ("FAC"). Additional Defendants move to dismiss. Defs.' Mot., ECF No. 60. Because Plaintiff has failed to identify a single action or omission on the part of Additional Defendants that would give rise to a claim against them, Defendants' Motion to Dismiss, ECF No. 60, is GRANTED.

## BACKGROUND[1]

Plaintiff has lived at Harvard Street Apartments since June 2015. FAC ¶ 26. Harvard Street Apartments is currently owned by Harvard Street Wishrock and managed by Guardian Management. FAC ¶¶ 6–7, 19–20. Wishrock & Ray and Guardian Real Estate Services are their respective parent corporations. *Id*.

Due to her phobia of large dogs, Plaintiff requested an accommodation in 2016 that no large dogs be permitted to live in the apartments immediately adjacent to hers. FAC ¶ 27. This accommodation was granted and noted in Plaintiff's resident file FAC ¶ 27, 31. When the apartment complex changed management, Plaintiff spoke with the previous manager about her accommodation, asking her to pass the message on to Hollie Forsman, the Portfolio Manager at Guardian Real Estate Services. FAC ¶¶ 27, 29.

To Plaintiff's surprise, a new tenant with a large dog moved in to one of the adjacent apartment buildings in April 2019. FAC ¶ 30. Plaintiff renewed her accommodation request in May 2019. FAC ¶ 27, 33. Over the next few months, Plaintiff and Defendants Harvard Street Wishrock and Guardian Management unsuccessfully attempted to find a satisfactory resolution for all involved. FAC ¶¶ 33–43. The tenant with the dog moved out in March 2020. FAC ¶ 60.

Defendants Wishcamper Development Partners, a Montana corporation, and Teal Pointe Wishrock Gp., a Maine corporation, neither own nor manage Harvard Street Apartments. Ray Decl. ¶¶ 4–5, ECF No. 61. Defendants Wishrock Investment Group, Wishrock Development Group, Wishrock Housing Developers, Wishrock Housing Partners, Jewel Housing Services,

---

[1] At the motion to dismiss stage, this Court takes all of Plaintiffs' allegations as true. *See Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

Wishrock Investment Group II, and Wishrock Operations (together, "Wishrock Defendants") are Maine corporations who have no presence in Oregon. Rose Decl. ¶¶ 2–8, ECF No. 62. They do not own any property in Oregon, including Harvard Street Apartments, nor do they have any offices in the state. *Id*. They have not entered into any contracts, solicited any business, or sold any goods or services in Oregon.[2] *Id*.

## DISCUSSION

### I.    12(b)(6) Failure to State a Claim

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

---

[2] Defendant Wishrock Housing Partners was a founding member of Wishrock & Ray but sold their interest in 2018. Rose Decl. ¶ 5.

Plaintiff alleges that Harvard Street Wishrock, as property owner, and Guardian Management, as property manager, discriminated against her by failing to accommodate her disability. When it comes to Additional Defendants, however, Plaintiff's complaint does not attribute a single act, omission, or effort to them. The Court cannot draw any inference of liability when the Plaintiff has not alleged any misconduct on the part of Additional Defendants. Further, Plaintiff has not provided any facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the allegation. *Twombly*, 550 U.S. at 545.

Plaintiff argues instead that all defendants acted as a de facto corporation, and that this makes them all liable for the actions of one. Plaintiff insists that "every fact in each portion of [her complaint] apply to all Defendants." Pl.'s Opp'n 18, ECF No. 81. In support, Plaintiff notes that some of these entities have the same contact address as Harvard Street Wishrock or Wishrock & Ray, that there is commonality in management or membership, that they are covered by the same insurance, and that defendants as a whole hold themselves out as "Wishrock Group" or "Wishrock." *Id*. at 2, 11–12. Plaintiff points to the website of Defendant Wishcamper Development Partners, which notes Harvard Street Wishrock as one of the "projects developed by principals." *Id*. at 15. Plaintiff argues that these connections justify holding Additional Defendants responsible for the actions of Harvard Street Wishrock and Wishrock & Ray. *Id*. at 12. Plaintiff does not allege that Defendants colluded or conspired in order to discriminate against her. *Id*. at 6. Even an allegation of conspiracy or agreement would require "further factual enhancement" to reach the line of plausibility. *Twombly*, 550 U.S. at 557.

The Court does not dispute the connections that Plaintiff has noted between the many Defendants. But Additional Defendants neither own nor manage Plaintiff's apartment building.

Overlap in "executives, managers, board members, owners, [or] partners", as Plaintiff alleges, does not justify imposing liability on one corporation for the actions of another. *Cf. Meyer v. Holley*, 537 U.S. 280, 282 (2003) (holding that the Fair Housing Act follows traditional vicarious liability principles and "imposes liability upon the corporation but not upon its officers or owners"). While several Defendants have collaborated to create affordable housing options across the United States, Plaintiff does not allege that they collaborated in discriminating against her.

Plaintiff's argument regarding "piercing the corporate veil" is similarly unpersuasive. Piercing the corporate veil "is an extraordinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair plaintiff's injury." *Amfac Foods v. Int'l Systems*, 294 Or. 94, 103 (1982). Plaintiff's claims against the original Defendants provide an adequate remedy. Further, to pierce the corporate veil, Plaintiff must show that Wishrock Defendants controlled Harvard Street Apartments and that they used this control to engage in improper conduct that harmed her. *Neidig v. Superior Nat'l Ins. Co.*, 343 Or. 434, 454–55 (2006). Plaintiff makes no such showing.

Plaintiff has already identified and brought suit against the proper defendants here: the owner and manager of her apartment complex and their respective parent companies. Any relief to which she is entitled must be sought from them. Dismissal of Additional Defendants allows Plaintiff's claim to proceed against the correct defendants without wasting resources. *See Twombly*, 550 U.S. at 558 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." (internal quotation marks omitted)).

## II. Personal Jurisdiction over Wishrock Defendants

Wishrock Defendants also move to dismiss for lack of personal jurisdiction. "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction)." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Here, there is no dispute that the Court has subject-matter jurisdiction over the claim under 28 U.S.C. § 1331. However, that does not establish personal jurisdiction over Wishrock Defendants.

Where there is no applicable federal statute governing personal jurisdiction, a district court must apply the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Oregon law authorizes personal jurisdiction to the full extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To comport with the requirements of due process, a court may only exercise personal jurisdiction over a non-resident defendant if that defendant has sufficient "minimum contacts" with the forum state, such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). A defendant's minimum contacts may be established through a showing of either general or specific jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Plaintiffs bear the burden of establishing either basis for personal jurisdiction, addressed in turn.

### A. General Personal Jurisdiction

A defendant is subject to general jurisdiction if its contacts with the forum state are "so continuous and systemic as to render it essentially at home" there. *Daimler v. Bauman*, 571 U.S.

117, 127 (2014) (citations and internal quotation marks omitted). Here, there is no evidence that Defendants have sufficient contacts to support general jurisdiction in Oregon. Wishrock Defendants are Maine corporations who own no property in Oregon, have no offices in the state, have not entered into any contracts, solicited any business, or sold any goods or services in Oregon. It would therefore be inconsistent with due process for the Court to exercise general jurisdiction over Defendants.

### B.   Specific Personal Jurisdiction

In the Ninth Circuit, courts apply a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). A plaintiff bears the burden of establishing the first two elements of the test, after which the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewic*, 471 U.S. 462, 477 (1985). "[I]f the plaintiff fails at the first step," however, "the jurisdictional inquiry ends." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

In order to establish purposeful availment, Plaintiff must show that *Wishrock Defendants* "engaged in significant activities within [the] state" or "created 'continuing obligations' between [themselves] and residents." *Burger King*, 471 U.S. at 475–76. "[U]nilateral activity of another

8 – OPINION AND ORDER

party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Here, Plaintiff has not identified any action, in-state or otherwise, on the part of Wishrock Defendants that would suggest purposeful availment. Wishrock Defendants do not own property in Oregon. They have not entered into any contracts in Oregon, nor have they solicited any business or sold any goods or services in the state. Simply put, Wishrock Defendants have no minimum contacts with Oregon.

Accordingly, the Court finds that it would be inconsistent with due process to exercise specific jurisdiction over Defendants. Without a basis for general or specific jurisdiction, Plaintiff cannot bring suit against Wishrock Defendants in Oregon courts.

### III.     Plaintiff's Leave to Amend and Request to Defer

Plaintiff moves for leave to amend again, in order to add more defendants. Pl.'s Mot., ECF No. 83. After a responsive pleading is served, plaintiffs must request leave of court to further amend a complaint. Fed. R. Civ. P. 15. District courts have significant discretion when considering leave to amend, but courts usually grant such leave liberally "when justice so requires." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). However, four main factors—undue prejudice to the defendant, undue delay, plaintiff's bad faith, and futility—limit that liberality. *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Further, courts may consider "whether plaintiff has previously amended its complaint." *Ascon Properties*, 866 F.2d at 1160. The factors weigh differently, but the only factor that is by itself

insufficient as grounds for dismissal is undue delay, which is not at issue here. *Leighton*, 833 F.2d at 186.

Plaintiff's Proposed Amended Complaint does "not add any new claims, only 'new' Defendants." Pl.'s Mot. 2. Plaintiff emphasizes the connection between the leadership of the various Defendants but does not add any additional facts to overcome the aforementioned deficiencies. Plaintiff has already identified and brought suit against the appropriate defendants. For the reasons stated above, any additional defendants who neither own nor manage the apartment complex cannot be held liable for the actions of the actual owner and manager. Commonalities in name or management are insufficient.

Because amendment to add new defendants would be futile, Plaintiff's request is denied. To the extent that Plaintiff wishes to amend her complaint against the original Defendants, solely to make the Statement of Facts more clear, that request is granted.

Finally, Plaintiff has also requested that the Court defer the issue until trial. This request is also denied. The Court has discretion to defer motions pending discovery when necessary. *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2004); Fed. R. Civ. P. 12(i) (motions under 12(b)(2) and 12(b)(6) "must be heard and decided before trial unless the court orders a deferral until trial."). However, no amount of discovery will change the ownership or management of Plaintiff's apartment complex. *Cf. Iqbal*, 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss, ECF No. 60, is GRANTED and Plaintiff's Motion for Leave to Amend, ECF No. 83, is DENIED.

IT IS SO ORDERED.

DATED this 19th day of November, 2020.

          _____s/Michael J. McShane_____
            **Michael J. McShane**
           **United States District Judge**

11 – OPINION AND ORDER